UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

[redacted] 05 233T

| | | |
|---|---|---|
| UNITED STATES OF AMERICA f/u/o WEST FLOOR COVERING, INC., Plaintiff | : | |
| vs. | : | C.A. No. |
| WHITE & CARR, INC. and HANOVER INSURANCE COMPANY Defendants | : | |

**COMPLAINT**

**PARTIES**

1. Plaintiff, West Floor Covering, Inc., (West) is a Massachusetts corporation with a principal place of business in Pembroke, Massachusetts.

2. Defendant, White & Carr, Inc., (White & Carr) is a New York corporation with a principal place of business in New York, New York.

3. Defendant, Hanover Insurance Company (Hanover) is a surety company with a principal place of business in Worcester, Massachusetts.

**JURISDICTION AND VENUE**

4. This court's jurisdiction is conferred upon it by 40 U.S.C., §3133(b).

5. Venue properly lies in the District of Rhode Island pursuant to 40 U.S.C. §3133(b)(3)(B) because the contract upon which this action is based was to be performed within the State of Rhode Island.

**COUNT ONE – CONTRACT**

6. On or about August 7, 2003, the United States of America, acting by the Department of the Interior, U. S. Fish and Wildlife Service (United States), and White & Carr entered into a written contract whereby White & Carr agreed to furnish all labor and materials required for the construction of the Administration/Visitor Facility at the Rhode Island National Wildlife refuge Complex, Charlestown, Rhode Island (Project).

7. White & Carr as principal, and Hanover, as surety, executed the payment bond required by 40 U.S.C., §3131(b)(2).

8. White & Carr and West entered into a subcontract dated August 29, 2003 (Subcontract) whereby West agreed to furnish labor and materials in the prosecution of the flooring work called for under White & Carr's prime contract with the United States, for a price of $65,350.

9. On or about April 8, 2005, the United States terminated its contract with White & Carr for default.

10. As a result, the Subcontract was terminated by operation of law.

11. Prior to the termination, West proceeded diligently with its work and completed it in good faith and in a satisfactory and workmanlike manner, the furnishing of all labor and materials required by the Subcontract which it was able to complete.

12. The fair value of the labor and materials furnished in the prosecution of the Project prior to White & Carr's termination was $54,528.

13. White & Carr paid nothing to West for the work performed pursuant to the Subcontract.

14. White & Carr owes West $54,528.00 for work performed pursuant to the Subcontract, plus interest on payments not made on time.

15. One year has not expired since the date on which the last of the labor was performed and/or the materials supplied by West pursuant to the Subcontract.

16. West performed all conditions precedent to the maintenance of this action.

17. The Subcontract contains an arbitration provision, pursuant to which West will demand arbitration of the dispute which is the subject of this complaint. This complaint is filed as a provisional remedy and is without prejudice to, or waiver of the arbitration proceeding to be instituted.

WHEREFORE, West demands judgment against White & Carr and Hanover, jointly and severally, for $54,528, plus interest and costs.

**COUNT TWO – QUANTUM MERUIT**

18. West realleges paragraphs 1 through 10, above, as if restated in full.

19. West proceeded diligently with its work and completed it in good faith and in a satisfactory and workmanlike manner, the furnishing of all labor and materials required by the Subcontract which it was able to complete prior to the United States' termination of White & Carr.

20. The fair value of the labor and materials West furnished in prosecution of the Project before the United States terminated White & Carr was $54,528.

21. West realleges paragraphs 13 through 17, above, as if restated in full.

WHEREFORE, West demands judgment against White & Carr and Hanover, jointly and severally, for $54,528, plus interest and costs.

**COUNT THREE – C. 93A, §11**
**(HANOVER)**

22. West realleges paragraphs 1 through 21, above, as if restated in full.

23. West and Hanover were both engaged in trade or commerce in the Commonwealth of Massachusetts at all times relevant hereto.

24. All events relevant to this Count Three occurred within the Commonwealth of Massachusetts.

25. In March and April, 2005, West made demand upon Hanover for the principal sums claimed due in this Complaint.

26. Massachusetts General Laws (M.G.L.) c. 176D, §3(9) required Hanover to:

(a) acknowledge and act reasonably promptly upon communications with respect to claims;
(b) pay claims [after] conducting a reasonable investigation based upon all available information; and,
(f) effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

27. Hanover failed to comply with the requirements of M.G.L. c. 176D, §3(9).

28. Hanover forced West to initiate this action to recover an undisputed debt.

29. By these and other acts Hanover violated M.G.L. c. 93A, §11.

30. Hanover's acts or failure to act were knowing and/or willful violations of M.G.L. c. 93A, §11.

WHEREFORE, West demands judgment against Hanover for three times its actual damages, plus interest, costs and reasonable attorney's fees as provided by M.G.L. c. 93A, §11.

UNITED STATES OF AMERICA
For the Use and Benefit of
WEST FLOOR COVERING, INC.
By its Attorneys,
CARROLL KELLY & MURPHY

PATRICIA A. BUCKLEY # 2987
400 Turks Head Building
Providence, RI 02903
Phone: (401) 331-7272
Fax: (401) 331-4404

Dated: 5/26/05

304744-1